IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT DUNCAN,               :
a/k/a JAMES MALONE,        :
    Plaintiff,               :
                             :
v.                          :        CIVIL ACTION NO. 26-CV-2671
                             :
CITY OF PHILADELPHIA, *et al.*,   :
    Defendants.           :

MEMORANDUM

SCOTT, J.                                       MAY 18th, 2026

Plaintiff Robert Duncan, also known as James Malone, initiated this *pro se* civil action

against the City of Philadelphia, District Attorney Larry Krasner, and Assistant District Attorney

Joshua A. Myers, alleging his constitutional rights were violated during two state court criminal

prosecutions. Duncan seeks to proceed *in forma pauperis* and recusal of the undersigned. For

the following reasons, the Court will grant Duncan leave to proceed *in forma pauperis*, deny the

recusal motion, and dismiss the Complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

The allegations in the Complaint are brief. Duncan alleges an improper conviction and

sentence due to "criminal trial fixing" in two state court criminal matters presided over by Judges

Genece Brinkley and Donna Woelpper, although they are not named as Defendants here. (*See*

Compl. at 4-5 (citing "CP-51-CR-0012189-2015" and "CP-51-CR-0004743-2017").) He alleges

he was "wrongfully denied a trial by jury," that DA Krasner refused to recuse the District

---

[1] The factual allegations in this Memorandum are taken from Duncan's Complaint. (*See* ECF No. 2 ("Compl.").) The Court adopts the sequential pagination supplied to Duncan's filings by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Attorney's Office even though Duncan had previously filed a complaint against Krasner's wife with the Judicial Conduct Board, and that ADA Myers' "testimony with Judge Brinkley to try and convict and sentence [Duncan]; and Judge Brinkley was corrupt on (8-25-22)." (*Id.* at 4, 5.) Duncan seeks $200 million in monetary damages. (*Id.*)

Duncan identifies himself in the *in forma pauperis* application and Complaint as "Robert Duncan a.k.a James Malone." (*See* ECF No. 1 at 1 and Compl. at 1.) The defendant named in the two criminal prosecutions referenced in the Complaint is James Malone. *See Commonwealth v. Malone*, CP-51-CR-0012189-2015 (C.P. Phila.); *Commonwealth v. Malone*, CP-51-CR-0004743-2017 (C.P. Phila.). A review of the publicly available state court docket system includes "Robert Duncan" and "James Malone" in the list of twelve alias names for the individual who is subject to the criminal prosecutions. *See, e.g.*, First Judicial District of Pennsylvania Court Summary attached to *Commonwealth v. Malone*, CP-51-CR-0004743-2017 (C.P. Phila.).[2]

---

[2] The state court docket for *Commonwealth v. Malone*, CP-51-CR-0012189-2015 (C.P. Phila.), reflects that Malone was charged with two counts of driving under the influence, as well as providing false identification to a law enforcement officer. He was found guilty of these charges and sentenced by Judge Brinkley on August 25, 2022. *See id.*

In addition to a discrepancy in the names of the plaintiff in this civil action and the defendant in the criminal matters whose constitutional rights were allegedly violated, there is a discrepancy in the ages of these individuals. Duncan declared under penalty of perjury in the *in forma pauperis* application that he was sixty years old as of the date of the form's submission. (*See* ECF No. 1 at 5.) However, the state court dockets referenced in the Complaint indicate that James Malone's birth year is 1971, which would make him fifty-four years old when the *in forma pauperis* application was filed. *See Commonwealth v. Malone*, CP-51-CR-0012189-2015 (C.P. Phila.) and *Commonwealth v. Malone*, CP-51-CR-0004743-2017 (C.P. Phila.).

There is an active criminal prosecution against "James Malone" as well. *See Commonwealth v. Malone*, MC-51-CR-0017300-2025. Additionally, "Robert Duncan" commenced an additional civil matter in this court on April 28, 2025, by filing an *in forma pauperis* application and a Complaint. *See Duncan v. City of Philadelphia, et al.*, Civ. A. No. 26-2855 (E.D. Pa.), ECF Nos. 1 and 2. The filings in that matter contain no acknowledgement that "Robert Duncan" is an alias for James Malone. *See id.*

It bears noting that Duncan previously attempted to bring the same claims he raises in the case at bar and that civil matter was assigned to the undersigned. *See Duncan v. City of Philadelphia, et al.*, Civ. A. No. 24-1133 (E.D. Pa.). On March 14, 2024, Duncan submitted an incomplete application to proceed *in forma pauperis* along with his Complaint. (*See* Civ. A. No. 24-1133, ECF No. 1.) Consequently, by Order dated March 21, 2024, the Court directed Duncan to submit additional financial information to allow the Court to determine whether he had the means to pay the fees to commence that case. (Civ. A. No. 24-1133, ECF No. 4.) That Order also took note of the two state court criminal prosecutions referenced in the Complaint as the basis for Duncan's allegations, and that the state court dockets revealed the defendant in those matters to be James Malone. (*See* Civ. A. No. 24-1133, ECF No. 4 at 1 (citing *Commonwealth v. Malone*, CP-51-CR-0012189-2015 (C.P. Phila.) and *Commonwealth v. Malone*, CP-51-CR-0004743-2017 (C.P. Phila.)). Duncan was advised that he could not represent another individual in federal court because he is not an attorney. (*Id.*) For purposes of the Order, the Court assumed Robert Duncan to be the real party in interest and noted that further clarification would be needed to resolve the apparent discrepancy. (Civ. A. No. 24-1133, ECF No. 4 at 2.) On April 16, 2024, "Robert Duncan" submitted a second application to proceed *in forma pauperis* that included additional financial information but failed to address the name discrepancy. (Civ. A. No. 24-1133, ECF No. 5.)

In a May 2, 2024 Memorandum and Order, the Court granted Duncan *in forma pauperis* status and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* Civ. A. No. 24-1133, ECF Nos. 6 and 7.) Based on the submissions to the Court and the underlying state court criminal dockets, the Court concluded that Robert Duncan and James Malone were two separate individuals. (*See* Civ. A. No. 24-1133, ECF No. 6 at 4-5.) The Court dismissed the Complaint

without prejudice for lack of standing because Duncan could not pursue claims on behalf of James Malone. (*See id.*) Further, to the extent the Complaint raised claims on Duncan's behalf, those claims were dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See id.*)

## II.   STANDARD OF REVIEW

The Court will grant Duncan leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). However, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

## III.   DISCUSSION

Duncan brings claims pursuant to 42 U.S.C. § 1983, (*see* Compl. at 3), the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even upon a liberal reading of the Complaint, however, Duncan has failed to allege a plausible basis for any § 1983 claim.

To the extent Duncan is attempting to raise due process claims based on the 2015 or 2017 prosecutions, including any action taken by Judge Brinkley on August 25, 2022, they are not cognizable in this matter. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. "Put simply, if judgment in the § 1983 plaintiff's favor 'would necessarily imply the invalidity of [his] conviction or sentence,' the action must be dismissed unless that conviction or sentence 'has already been invalidated.'" *Coello v. DiLeo*, 43 F.4th 346, 353 (3d Cir. 2022) (quoting *Heck*, 512 U.S. 487); *see also Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983 . . . ."). Here, the state court dockets for Duncan's criminal cases reflect that his convictions are intact, so any claims

5

that would necessarily imply the invalidity of those convictions, such as those raised by Duncan, are not cognizable in a civil rights action.[3]

As to Duncan's motion for recusal of the undersigned (ECF No. 4), the motion will be denied. He requests recusal based on the court's ruling in Duncan's prior civil action, *Duncan v. City of Philadelphia, et al.*, Civ. A. No. 24-1133. (*See* ECF No. 4.) He also states that the undersigned "is a former Common Pleas Judge from the County of Philadelphia dating from year of 2023." (*Id.*) Recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See Liteky v. United States*, 510 U.S. 540, 554 (1994); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." (citations omitted)); *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate

---

[3] There are other problems with Duncan's Complaint. For example, prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024) ("Prosecutors . . . are absolutely immune from liability under § 1983 for engaging in conduct that serves a quasi-judicial function."). Thus, DA Krasner and ADA Myers are immune from Duncan's claims because they are based on their pursuit of the criminal prosecutions. Further, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). Even if Judge Brinkley or Judge Woelpper had been named as Defendants in this matter, Duncan's claims against them would be barred by absolute judicial immunity because the claims arise from decisions and rulings made in their judicial capacities while exercising authority over the state court criminal trials to which they were assigned. Further, if a plaintiff has not plausibly alleged an underlying constitutional injury, the plaintiff cannot proceed on a municipal liability claim. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." (citations omitted)). Because Duncan failed to allege a plausible basis for an underlying § 1983 claim, there can be no derivative municipal claim against the City of Philadelphia.

whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations."). Thus, Duncan's vague, generalized allegation that the undersigned is a former state court judge and his dissatisfaction with rulings in a prior civil action in this court do not support recusal.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Duncan leave to proceed *in forma pauperis* and deny the recusal motion. Duncan's § 1983 claims are barred by *Heck* and will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (stating that *Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate Order follows regarding dismissal, which shall be entered separately. *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

_____
KAI SCOTT, J.